IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GEORGE C. GALLEGOS,**

      **Plaintiff,**

vs.                                                                                                         Civ. No. 05-347 RHS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

    1.  THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion"), filed August 24, 2005 **[Doc. 11]**.  Plaintiff, George C. Gallegos, seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for Supplemental Security Income benefits ("SSI") and Disability Insurance Benefits ("DIB").  The Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") decision.  (Administrative Transcript ("Tr.") at 5-7.)  Thus, the Commissioner's decision became final.

    2.  On March 3, 2003, Plaintiff applied for SSI and DIB alleging a disability which commenced December 30, 2001 due to "reconstruction of r[igh]t leg[,] right knee, intestinal problems, gallbladder[,] right hip[,] leg (heel) [and] lower lumbar."  (Tr. at 48-50, 54, 167-69.)  Plaintiff claims that his ability to work is limited because he "can't bend or kneel over for extended time [and] can't lift more than 10-15 pounds at a time."  (Tr. at 51.)  Plaintiff was born on February 3, 1959 and has variously reported completing eighth, ninth or tenth grade of school.  (Tr. at 48, 60, 140, 189.)  Plaintiff has worked in the past as a heavy equipment operator and

laborer in the construction business. (Tr. at 55.)

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a-f); 416.920. the sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt. P, App.1; or (4) that he is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. In this case, the ALJ determined that Plaintiff was not disabled at the fifth step of the

sequential evaluation.[1]  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  (I) the "ALJ's Question to the VE was Vague and Incomplete," (II) the "ALJ's finding that Mr. Gallegos' complaints of pain are not credible is erroneous," and (III) the "ALJ's Failure to Consider the Receipt of G[eneral] A[ssistance] was Error."  (Plaintiff's Memorandum in Support of Motion ("Memo") **[Doc. 12]** at 4, 9, 11.)

*Credibility determination*

7.  I address Plaintiff's allegations regarding the ALJ's assessment of credibility first, because the ALJ's credibility determination potentially influences his assessment of Plaintiff's limitations, RFC and ultimately, the hypotheticals presented to the VE.  The Court ordinarily defers to the ALJ as trier of fact on credibility.  Thompson, 987 F.2d at 1489 (citations omitted).  "Credibility determinations are peculiarly the province of the finder of fact, [] and [the Court] will not upset such determinations when supported by substantial evidence."  Diaz v. Secretary of Health & Hum. Servs., 898 F.2d 774, 777 (10th Cir. 1990), cited in Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996).  However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (citations omitted).

8.  In assessing Plaintiff's RFC, the ALJ "allow[ed] for many of [Plaintiff's] subjective complaints and limitations."[2]  (Tr. at 19.)  However, the ALJ also found that Plaintiff's "testimony

---

[1] The ALJ concluded, based on the testimony of a Vocation Expert ("VE"), that Plaintiff was "capable of making a successful adjustment to work that exists in significant numbers in the national economy."  (Tr. at 23.)

[2] For example, the ALJ found that Plaintiff was limited to work that did not "require him to climb, kneel, squat, or stand and or walk for excessive periods of time, and which allows him to alternate between sitting and standing as needed."  (Tr. at 19.)

and reports of pain and functional restrictions were not supported by the evidence overall in the disabling degree alleged and, therefore, lacked credibility." (Tr. at 21.) Thus, the ALJ did not find Plaintiff's pain and limitations to be disabling and eventually concluded that he was capable of making an adjustment to work in the national economy. Plaintiff contends that the ALJ "relied on illegitimate reasons" for discrediting some of Mr. Gallegos' complaints. (Memo at 9.)

      9. First, Plaintiff contends that the ALJ improperly found that Mr. Gallegos failed to seek treatment. In assessing Plaintiff's credibility, the ALJ noted that Plaintiff's "treatment [for his right knee condition] has been essentially routine and conservative in nature[,] . . . . [and that] on January 12, 2004, [Plaintiff] . . . had not been taking any medications for pain and swelling." (Tr. at 21.) The ALJ concluded that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual." (Id.) This last statement, contrary to Plaintiff's apparent presumption, is not a finding that Plaintiff "failed to seek treatment."[3] Rather, it reflects the ALJ's finding that the medical treatment that Plaintiff *has* received (i.e., routine and conservative) is not the type that one would expect a totally disabled person to receive. Consequently, Plaintiff's allegation that the ALJ's credibility analysis is flawed because he improperly found that Plaintiff failed to seek treatment is without merit.

      10. Next, Plaintiff argues that the credibility determination is flawed because the ALJ "relied in part on Mr. Gallegos' daily activities." (Memo at 10.) Plaintiff correctly points out that an ability to engage "in limited activities . . . does not establish that the claimant can engage in

---

[3]Inexplicably, the Commissioner failed to point out this important error in Plaintiff's presumption.

4

light or sedentary work activity."[4]  Gossett v. Bowen, 862 F.3d 802, 807 (10th Cir. 1988).

However, the ALJ may consider a claimant's activities, along with other factors, in discounting

subjective complaints.  See Gossett, 862 F.2d at 807; Talbot v. Heckler, 814 F.2d 1456, 1462

(10th Cir. 1987).  Here, the ALJ did not rely solely on Plaintiff's daily activities, but properly

considered them as one of several factors in assessing Plaintiff's credibility.  Thus, Plaintiff's

argument on this issue is also without merit.

      11.  Finally, the ALJ is not required to make a formalistic factor-by-factor recitation of the

evidence.  "So long as the ALJ sets forth the specific evidence he relies on in evaluating the

claimant's credibility, the dictates of Kepler are satisfied."  Qualls v. Apfel, 206 F.3d 1368, 1372

(10th Cir. 2000) (citing Kepler, 68 F.3d at 391).  Here, the ALJ discussed the evidence on which

he relied and substantial evidence supports his findings.  Plaintiff's argument that the ALJ relied

on illegitimate reasons in assessing Plaintiff's credibility is without merit.  Accordingly, the ALJ's

credibility determination should be affirmed.

    *Hypotheticals presented to VE*

      12.  Plaintiff's major contention centers on the ALJ's reliance on the VE's testimony.

During the administrative hearing, the ALJ presented the following hypothetical to the VE:

> [C]onsider . . . a person with the age, educational background, and the
> experience of the claimant . . . limited to a light range of work that is . . .
> 10 pounds, 20 pounds lifting, but with the further restrictions that he
> needs to have a sit/stand option, so that he can alternate between sit and
> stand.  No excessive standing or walking.  No climbing, kneeling, [or]
> squatting . . . .

(Tr. at 206-07.)  Based on this hypothetical, the VE testified that Plaintiff would be unable to

---

[4]The Court expresses no opinion on whether Plaintiff's daily activities are "limited."

perform any of his past relevant work.  (Tr. at 207.)  The VE further testified that a person with these abilities and limitations would be capable of performing other jobs in the economy, including that of laundry folder, parking lot attendant and shipping and receiving weigher.  (Tr. at 207.)  Plaintiff argues that the VE's testimony cannot serve as substantial evidence to support the ALJ's finding of non-disability, because the hypothetical was impermissibly vague and failed to include all of Plaintiff's limitations.

13.  Plaintiff contends that the phrases "alternate between sit and stand" and "excessive standing or walking" are so vague that they "rendered the [hypothetical] question legally insufficient."  (Memo at 5.)  Specifically, Plaintiff argues that the ALJ failed to state Plaintiff's impairment "with precision" because he did not specify the frequency with which the claimant needed to alternate between sitting and standing.  (Memo at 5 (citing Armer v. Apfel, 216 F.3d 1086, 2000 WL 743680, at *2 (10th Cir. Jun. 9, 2000) (unpublished table disposition) (citation omitted).)  However, the Court disagrees with Plaintiff's contention that these phrases rendered the ALJ's hypothetical "legally insufficient."

14.  The ALJ found that Plaintiff had the capacity to perform work which, *inter alia*, "allows him to alternate between sitting and standing *as needed*."  (Tr. at 24 ¶6 (emphasis added).)[5]  The ALJ described this requirement to the VE as the need "to have a sit/stand option"[6] at work.  Despite the difference in his oral and written phrasing, I find that the ALJ's hypothetical accurately reflected his finding with respect to Plaintiff's need to alternate between sitting and

---

[5]Put another way, Plaintiff required the ability to alternate between sitting and standing at will, based on his needs.

[6]An option represents "an act of choosing," "the power or right to choose," or "freedom of choice."  WEBSTER'S NEW COLLEGIATE DICTIONARY 799 (1979).

6

standing at will.  Thus, the ALJ's description of the hypothetical claimant's requirement of a "sit/stand option" sufficiently identified the frequency with which the claimant must be permitted to alternate between sitting and standing.  Moreover, because a sit/stand option effectively permits Plaintiff to control the amount of time he spends on his feet,[7] the effect of ALJ's additional limitation regarding "no excessive standing or walking" was minimal, if not superfluous.

15.  Finally, Plaintiff's apparent argument that Plaintiff's need to sit or stand at will precludes any unskilled work pursuant to Social Security Ruling 83-12 is similarly without merit.  See Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (finding a similar argument "legally frivolous").  While the rule explains that "[u]nskilled types of jobs are particularly structured so that a person cannot *ordinarily* sit or stand at will[,]" this does not mean that a sit/stand option necessarily precludes all light unskilled work.  SSR 83-12 (emphasis added).  In such cases, the rule advises that "a [VE] should be consulted to clarify the implications for the occupational base."  Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995) (citing SSR 83-12).  As in Kelley, "this is exactly the procedure that was followed here, [thus,] there was no legal error."  Id.

16.  Plaintiff also alleges that the ALJ's hypothetical is flawed because he improperly failed to include Plaintiff's need "to elevate his leg throughout the day."  (Memo at 7.)  The VE testified that given such a restriction, Plaintiff would be unable to perform any of the jobs previously listed "because it would interfere with the essential job functions."  (Tr. at 208.)  However, while hypothetical questions must reflect with precision all of Plaintiff's impairments, the questions need

---

[7]The amount of time Plaintiff spent standing or walking would be limited by his need to sit.  For example, if Plaintiff needed to sit for six hours out of an eight hour work day, he would spend no more than two hours of the same work day standing and/or walking.

7

only reflect impairments and limitations that are borne out by the evidentiary record.  See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (citing Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995)); Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir. 1987).

17.  Here, the Court finds that the ALJ was justified in disregarding Plaintiff's alleged need to elevate his leg most of the day because it finds no support anywhere in the record.[8]  Although Plaintiff briefly testified that he elevates his leg "much of the day," he did not allege that such treatment was recommended or required, only that it appeared to prevent swelling.  (Tr. at 202.)  Moreover, as previously indicated, the ALJ properly discounted Plaintiff's allegations of disabling functional restrictions.  Consequently, because Plaintiff's alleged need to elevate his leg throughout the day is not supported by the record and the ALJ properly discounted Plaintiff's testimony, the Court concludes that the ALJ did not improperly exclude this restriction from his hypothetical.

*Consideration of GA benefits*

18.  Plaintiff alleges that the ALJ erred in failing to consider Plaintiff's receipt of General Assistance benefits.  (Memo at 11.)  However, while Plaintiff notes his testimony at the hearing, stating that he had recently begun receiving General Assistance benefits, he does not point to any other evidence whatsoever indicating that he actually receives such benefits and/or the basis for

---

[8]The ALJ noted that, following a fall in February of 2003, Plaintiff was diagnosed with a knee sprain and discharged with instructions for "[e]levation" and follow-up care (Tr. at 20, 113, 116.)  The Court notes that the discharge instructions did not recommend that Plaintiff elevate his leg throughout the day.  Further, no medical record from Plaintiff's follow-up care or since contains a recommendation or requirement that Plaintiff elevate his leg.

such benefits.[9]  As did the Court under similar circumstances in Dabbs v. Apfel, this Court likewise concludes that the ALJ did not err in failing to consider Plaintiff's receipt of General Assistance benefits "because claimant had not submitted any evidence regarding that finding . . . and because the record is clear that claimant is not disabled within the meaning of the Social Security Act."[10]  Id. 2000 U.S App. LEXIS 1016 at *6-*7; 2000 Colo. J.C.A.R. 488 (10th Cir. Jan. 27, 2000) (unpublished opinion).  Accordingly, Plaintiff's argument on this issue is without merit.

19.  In sum, the Court finds that the ALJ did not err in presenting hypotheticals to the VE, in assessing Plaintiff's credibility and in failing to consider Plaintiff's receipt of General Assistance benefits.  Accordingly, Plaintiff's Motion will be denied and this civil proceeding will be dismissed with prejudice.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing **[Doc. 11]** is **denied** and this civil proceeding is **dismissed** with prejudice.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[9]The Court notes that the ALJ provided Plaintiff with an opportunity to submit additional documents following the conclusion of the hearing.  (Tr. at 186.)

[10]Unlike the claimant in Dabbs, who apparently submitted evidence regarding the fact of receipt of benefits, Plaintiff in this case relies solely on Plaintiff's uncorroborated testimony on that issue.